**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| Yazmin Juárez Coyoy, on her own behalf and as surviving parent of M.C.N.J., <br><br> Plaintiff, <br><br> v. <br><br> CoreCivic, Inc., <br><br> Defendant. | No. 5:19-cv-00916-FB |

## <u>CORECIVIC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT</u>

Defendant CoreCivic, Inc. ("CoreCivic"), submits its Answer to Plaintiff's Original Complaint ("Complaint") and admits, denies, and alleges as follows:[1]

1.      In answering Paragraph 1 of Plaintiff's Complaint, CoreCivic admits it contains Plaintiff's alleged reason for bringing suit.  CoreCivic admits that M.J. passed away when she was twenty-one months old.  CoreCivic further admits it is one of the nation's largest private prison companies.  CoreCivic denies it played any role in M.J.'s death and denies any and all liability.

2.      In answering Paragraph 2 of Plaintiff's Complaint, CoreCivic admits that Plaintiff and M.J. resided at the South Texas Family Residential Center ("STFRC") in Dilley, Texas from March 5 through March 25, 2018.  CoreCivic admits STFRC is a 2,400 bed family residential center that houses women and children for US. Immigration and Customs Enforcement ("ICE").  CoreCivic also admits M.J. passed away on May 10, 2018, when she was twenty-one months

---

[1] CoreCivic denies each and every allegation and claim for relief that is not expressly admitted or otherwise pled to.

old.  CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

3.      In answering Paragraph 3 of Plaintiff's Complaint, CoreCivic admits that in 2014 it constructed and began operating STFRC through a modification of an inter-governmental services agreement with the City of Eloy ("Eloy").  CoreCivic further admits that, pursuant to the inter-governmental services agreement, Eloy received an annual payment.  The third sentence of Paragraph 3 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)   To the extent a response is required, CoreCivic denies it. CoreCivic denies the remaining allegations in Paragraph 3.

4.      Paragraph 4 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

5.      Paragraph 5 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

6.      In answering Paragraph 6 of Plaintiff's Complaint, CoreCivic denies Plaintiff and M.J. were detained in "crowded, cramped conditions with many other sick children at [STFRC]." The remaining allegations relate to Plaintiff's claim that CoreCivic allegedly failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

7.      In answering Paragraph 7 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations related to Plaintiff and M.J.'s travel itinerary and therefore denies them.  The remaining allegations in Paragraph 7 relate to

Plaintiff's claim that CoreCivic allegedly failed to ensure access to adequate medical care. Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

8.      In answering Paragraph 8 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations related to M.J.'s admission to a hospital in New Jersey, or any treatment she received there, and therefore denies them.

9.      In answering Paragraph 9 of Plaintiff's Complaint, CoreCivic admits M.J. passed away on May 10, 2018.  CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

10.      In answering Paragraph 10 of Plaintiff's Complaint, CoreCivic admits only that it had a duty to provide reasonably safe and sanitary living conditions to STFRC's residents. CoreCivic denies the remaining allegations in Paragraph 10.

11.      CoreCivic denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.      CoreCivic admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.      In answering Paragraph 13 of Plaintiff's Complaint, CoreCivic admits Plaintiff is an individual and native of Guatemala.  CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

14.      CoreCivic admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15.      CoreCivic admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16.      CoreCivic admits the allegations in Paragraph 16 of Plaintiff's Complaint.

17.      In answering Paragraph 17 of Plaintiff's Complaint, CoreCivic admits this Court has personal jurisdiction over it.  CoreCivic denies the remaining allegations.

3629448                                                  3

18.     In answering Paragraph 18 of Plaintiff's Complaint, CoreCivic admits M.J. was a native of Guatemala and that she was twenty-one months old when she passed away. CoreCivic admits STFRC is a family residential center for women and children located in Dilley, Texas. CoreCivic denies the remaining allegations.

19.     In answering Paragraph 19 of Plaintiff's Complaint, CoreCivic admits Plaintiff is a native of Guatemala. CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

20.     In answering Paragraph 20 of Plaintiff's Complaint, CoreCivic admits it is a private, for-profit corporation. CoreCivic admits it has operated STFRC since 2014. CoreCivic denies the remaining allegations.

21.     In answering Paragraph 21 of Plaintiff's Complaint, CoreCivic admits it is a private, for-profit corporation. The remaining allegations were stricken by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies them.

22.     Paragraph 22 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

23.     Paragraph 23 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

24.     Paragraph 24 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

25. In answering Paragraph 25 of Plaintiff's Complaint, CoreCivic admits that in 2016 it changed its name from Corrections Corporation of America to CoreCivic. The remaining allegations in Paragraph 25 were stricken by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies them.

26. Paragraph 26 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

27. Paragraph 27 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

28. Paragraph 28 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

29. Paragraph 29 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

30. Paragraph 30 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

31. Paragraph 31 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

32.     Paragraph 32 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

33.     Paragraph 33 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

34.     Paragraph 34 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

35.     Paragraph 35 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

36.     In answering Paragraph 36 of Plaintiff's Complaint, CoreCivic admits that a February 21, 2018 Report from the Department of Homeland Security Office of Inspector General ("DHS OIG") states that "[i]n 2014, a surge of families and unaccompanied minors crossing the Southwest border created an urgent need for family and detention space." CoreCivic lacks sufficient information to form a belief as to the remaining allegations in Paragraph 36 and therefore denies them.

37.     In answering Paragraph 37 of Plaintiff's Complaint, CoreCivic admits that a February 21, 2018 Report from the DHS OIG states that "[i]n 2014, a surge of families and unaccompanied minors crossing the Southwest border created an urgent need for family and detention space."  CoreCivic further admits that to fulfill this need, in 2014, it built STFRC at the

3629448                                    6

request of ICE. CoreCivic lacks sufficient information to form a belief as to the remaining allegations in Paragraph 37 and therefore denies them.

38.    In answering Paragraph 38 of Plaintiff's Complaint, CoreCivic admits it built and operates STFRC at the request of ICE.

39.    Paragraph 39 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

40.    In answering Paragraph 40 of Plaintiff's Complaint, CoreCivic admits it built and operates STFRC at the request of ICE.

41.    Paragraph 41 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

42.    In answering Paragraph 42 of Plaintiff's Complaint, CoreCivic admits that on February 17, 2006, ICE and Eloy consummated an Inter-Governmental Services Agreement ("IGSA") for the detention of aliens at the Eloy Detention Center ("EDC") in Eloy, Arizona. CoreCivic further admits that it entered into an agreement with Eloy to provide facility and detention services at EDC. CoreCivic denies the remaining allegations contained in Paragraph 42.

43.    Paragraph 43 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.) To the extent a response is required, CoreCivic denies it.

44.     In answering Paragraph 44 of Plaintiff's Complaint, CoreCivic admits that on September 22, 2014, ICE and Eloy modified the IGSA to extend detention services to STFRC. CoreCivic denies the remaining allegations.

45.     Paragraph 45 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

46.     In answering Paragraph 46 of Plaintiff's Complaint, CoreCivic admits that on September 22, 2014, ICE and Eloy modified the IGSA to extend detention services to STFRC. CoreCivic admits that Eloy received an annual payment.  CoreCivic further admits that Eloy amended an existing agreement it had with CoreCivic regarding the provision of detention services at EDC to provide the residential and detention services required by the Modified IGSA at STFRC.  CoreCivic denies the remaining allegations.

47.     In answering Paragraph 47 of Plaintiff's Complaint, CoreCivic admits that the Performance Work Statement of the Modified IGSA describes the required equipment and services that the ". . . selected Service Provider(s) must provide to sustain a program of temporary shelter in a safe and secure environment and other related services for up to 2,400 residents consisting of family units detained in the legal custody of ICE."  CoreCivic denies the remaining allegations, including the allegations that CoreCivic is a subcontractor for Eloy.

48.     CoreCivic admits the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     CoreCivic admits the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     The allegations contained in Paragraph 50 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been

3629448                                                   8

dismissed by the Court, no answer is required. (Dkt. 19 at 9.) To the extent a response is required, CoreCivic denies them.

51.    CoreCivic admits the allegations in Paragraph 51 of Plaintiff's Complaint.

52.    The allegations contained in Paragraph 52 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care. Because that claim has been dismissed by the Court, no answer is required. (Dkt. 19 at 9.) To the extent a response is required, CoreCivic denies them.

53.    The allegations contained in Paragraph 53 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care. Because that claim has been dismissed by the Court, no answer is required. (Dkt. 19 at 9.) To the extent a response is required, CoreCivic denies them.

54.    The allegations contained in Paragraph 54 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care. Because that claim has been dismissed by the Court, no answer is required. (Dkt. 19 at 9.) To the extent a response is required, CoreCivic denies them.

55.    CoreCivic denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.    In answering Paragraph 56 of Plaintiff's Complaint, CoreCivic admits only that the quoted text appears in Appendix A of the modified IGSA. CoreCivic denies the remaining allegations.

57.    Paragraph 57 was struck by the Court and therefore no response is required. To the extent a response is required, CoreCivic denies it.

58.    CoreCivic denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.    CoreCivic admits the allegations in Paragraph 59 of Plaintiff's Complaint.

60.    Paragraph 60 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

61.    CoreCivic denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.    Paragraph 62 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

63.    Paragraph 63 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

64.    Paragraph 64 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

65.    Paragraph 65 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

66.    Paragraph 66 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

67.    Paragraph 67 was struck by the Court and therefore no response is required. (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

68.    Paragraph 68 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

69.    Paragraph 69 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

70.    Paragraph 70 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

71.    Paragraph 71 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

72.    Paragraph 72 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

73.    Paragraph 73 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

74.    Paragraph 74 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

75.   Paragraph 75 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

76.   Paragraph 76 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

77.   Paragraph 77 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

78.   Paragraph 78 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

79.   Paragraph 79 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

80.   Paragraph 80 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

81.   Paragraph 81 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

82.     Paragraph 82 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

83.     Paragraph 83 was struck by the Court and therefore no response is required.  (Dkt. 19 at 9; Dkt. 14 at 14–20; Dkt.14-2 at 12–47.)  To the extent a response is required, CoreCivic denies it.

84.     The allegations contained in Paragraph 84 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

85.     The allegations contained in Paragraph 85 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

86.     In answering Paragraph 86 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff and M.J. were apprehended in the Rio Grande Valley on March 1, 2018.  CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and therefore denies them.

87.     In answering Paragraph 87 of Plaintiff's Complaint, CoreCivic admits that Plaintiff and M.J. were apprehended in the Rio Grande Valley on March 1, 2018.  CoreCivic further admits that they were transported to the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas, and subsequently transferred to STFRC on March 5, 2018.  CoreCivic

lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

88.    In answering Paragraph 88 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

89.    CoreCivic denies the allegations in Paragraph 89 of Plaintiff's Complaint.

90.    In answering Paragraph 90 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

91.    In answering Paragraph 91 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

92.    In answering Paragraph 92 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

93.    In answering Paragraph 93 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

94.    In answering Paragraph 94 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

95.     In answering Paragraph 95 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

96.     In answering Paragraph 96 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

97.     In answering Paragraph 97 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies them.

98.     The allegations in Paragraph 98 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

99.     The allegations in Paragraph 99 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

100.    In answering Paragraph 100 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations regarding M.J.'s medical condition and therefore denies them.  The remaining allegations relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

101.    In answering Paragraph 101 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations regarding M.J.'s medical condition

and therefore denies them.  The remaining allegations relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

102.    In answering Paragraph 102 of Plaintiff's Complaint, CoreCivic admits Plaintiff and M.J. were released from STFRC on March 25, 2018.  CoreCivic lacks sufficient information to form a belief as to the truth of the allegations regarding M.J.'s medical condition and therefore denies them.   CoreCivic lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiff and M.J.'s activities on the day they were released from STFRC and therefore denies them.  The remaining allegations relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

103.    The allegations in Paragraph 103 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

104.    The allegations in Paragraph 104 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

105.    The allegations in Paragraph 105 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court,

3629448                                    16

no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

106.    The allegations in Paragraph 106 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

107.    In answering Paragraph 107 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

108.    In answering Paragraph 108 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

109.    In answering Paragraph 109 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

110.    In answering Paragraph 110 of Plaintiff's Complaint, CoreCivic admits that M.J. passed away on May 10, 2018.  With respect to the remaining allegations, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

111.    In answering Paragraph 111 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

112.    In answering Paragraph 112 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

113.    In answering Paragraph 113 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

114.    In answering Paragraph 114 of Plaintiff's Complaint, CoreCivic incorporates by reference its answers to Paragraphs 1–113.

3629448                                                    17

115.    In answering Paragraph 115 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

116.    In answering Paragraph 116 of Plaintiff's Complaint, CoreCivic admits it had a duty to ensure reasonably safe and sanitary conditions for residents of STFRC.

117.    The allegations in Paragraph 117 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care.  Because that claim has been dismissed by the Court, no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

118.    In answering Paragraph 118 of Plaintiff's Complaint, CoreCivic denies it breached any duty to Plaintiff.  CoreCivic does not respond to the allegations related to Plaintiff's claim that CoreCivic failed to ensure adequate medical care/failed to address reports and complaints of inadequate medical care because that claim has been dismissed by the Court and no answer is required.  (Dkt. 19 at 9.)  To the extent a response is required, CoreCivic denies them.

119.    CoreCivic denies the allegations in Paragraph 119 of Plaintiff's Complaint.

120.    Paragraph 120 calls for a legal conclusion to which no answer is required and none is provided.  To the extent a response is required, CoreCivic denies it.

121.    In answering Paragraph 121 of Plaintiff's Complaint, CoreCivic incorporates by reference its answers to Paragraphs 1–120.

122.    In answering Paragraph 122 of Plaintiff's Complaint, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

123.    CoreCivic admits the allegations in Paragraph 123 of Plaintiff's Complaint.

124. In answering Paragraph 124 of Plaintiff's Complaint, CoreCivic admits it had a duty to ensure reasonably safe and sanitary conditions for those detained at STFRC.

125. The allegations in Paragraph 125 relate to Plaintiff's claim that CoreCivic failed to ensure access to adequate medical care. Because that claim has been dismissed by the Court, no answer is required. (Dkt. 19 at 9.) To the extent a response is required, CoreCivic denies them.

126. In answering Paragraph 126 of Plaintiff's Complaint, CoreCivic denies it breached any duty to Plaintiff. CoreCivic does not respond to the allegations related to Plaintiff's claim that CoreCivic failed to ensure adequate medical care/failed to address reports and complaints of inadequate medical care because that claim has been dismissed by the Court and no answer is required. (Dkt. 19 at 9.) To the extent a response is required, CoreCivic denies them.

127. CoreCivic denies the allegations in Paragraph 127 of Plaintiff's Complaint.

128. Paragraph 128 calls for a legal conclusion to which no answer is required and none is provided. To the extent a response is required, CoreCivic denies it.

129. In answering the Jury Demand, CoreCivic demands a trial by jury on all triable issues.

130. In answering the Conclusion and Prayer for Relief, CoreCivic denies Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

1. CoreCivic alleges that Plaintiff lacks standing.

2. CoreCivic alleges Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. CoreCivic alleges it did not breach any duty to Plaintiff or M.J.

4. CoreCivic alleges that neither M.J.'s death nor Plaintiff's alleged damages were caused or proximately caused by CoreCivic's conduct or by any CoreCivic employee's conduct.

5. CoreCivic alleges it did not create the condition that allegedly made Plaintiff or M.J.'s harm possible.

6. CoreCivic alleges that Plaintiff cannot establish cause in fact.

7. CoreCivic alleges that any act or omission by CoreCivic was not a substantial factor in causing Plaintiff/M.J.'s alleged injuries.

8. CoreCivic alleges that Plaintiff/M.J.'s injuries would have occurred notwithstanding CoreCivic's alleged act or omission.

9. CoreCivic alleges that Plaintiff cannot prove foreseeability of harm.

10. CoreCivic alleges that no person of ordinary intelligence would have anticipated the danger allegedly created by CoreCivic's act/omission.

11. CoreCivic alleges that the danger of injury's general character could not have reasonably been anticipated.

12. CoreCivic alleges Plaintiff's allegations are based on mere conjecture, guess, or speculation.

13. CoreCivic alleges any act or omission on its part did not involve an extreme degree of risk.

14. CoreCivic alleges it did not have actual, subjective awareness of any risk.

15. CoreCivic alleges it did not proceed in conscious indifference to Plaintiff/M.J.'s rights, safety, or welfare.

3629448

20

16.     CoreCivic alleges it did not authorize or ratify any agents' gross negligence or negligently hire, supervise, or retain an unfit agent.

17.     CoreCivic alleges the allegations do not involve the conduct of a vice-principal.

18.     CoreCivic alleges that Plaintiff and M.J. were provided with safe and sanitary living conditions while they resided at STFRC.

19.     CoreCivic alleges it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

20.     CoreCivic alleges it acted in a reasonably prudent manner to protect Plaintiff and M.J. from known and foreseeable risks of harm.

21.     CoreCivic alleges that an intervening force was a superseding cause of Plaintiff's alleged damages and M.J.'s death.

22.     CoreCivic alleges that a new and independent cause intervened between any allegedly negligent conduct by CoreCivic and Plaintiff/M.J.'s alleged injury.

23.     CoreCivic alleges that the acts, omissions, and damages alleged in Plaintiff's Complaint were the result of acts or omissions of third parties.

24.     CoreCivic alleges that Plaintiff's alleged damages were the result of assumption of the risk.

25.     CoreCivic alleges Plaintiff cannot establish damages.

26.     CoreCivic alleges Plaintiff failed to mitigate damages.

27.     CoreCivic alleges Plaintiff was solely or comparatively at fault for her alleged injuries.

28.     CoreCivic alleges that the illness M.J. allegedly died from was either pre-existing or was developed after M.J. left STFRC.

29.     CoreCivic alleges it is entitled to all privileges and immunities extended to governmental entities and their contractors under federal and state law, including but not limited to sovereign immunity, absolute immunity, and qualified immunity.

30.     CoreCivic alleges, as a government contractor, it cannot be liable for performing in conformity with specifications established by ICE, and that it is shielded from liability. CoreCivic puts Plaintiff on notice that future discovery may reveal additional facts which would support these and other affirmative defenses available to, but unknown by, CoreCivic, including those defenses set forth in Federal Rules of Civil Procedure 8, 12, and 19, including but not limited to statute of limitations, assumption of risk, contributory negligence, release, res judicata, waiver, failure to state a claim upon which relief may be granted, and failure to join a party.

WHEREFORE, having fully answered Plaintiff's Complaint, CoreCivic requests that Plaintiff take nothing and that the Complaint be dismissed in its entirety, with prejudice.

Dated: October 23, 2019

Respectfully submitted,

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Daniel P. Struck

    Daniel P. Struck, AZ Bar No. 012377
    Attorney in Charge
    *Admitted Pro Hac Vice*
    Ashlee B. Hesman, AZ Bar No. 028874
    *Admitted Pro Hac Vice*
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226
    Telephone: (480) 420-1600
    Fax: (480) 420-1695
    dstruck@strucklove.com
    ahesman@strucklove.com

    Danya W. Blair, TX Bar No. 00790315
    AKERMAN LLP
    112 East Pecan Street, Suite 2750
    San Antonio, Texas 78205
    Telephone: (210) 582-0220
    Fax: (210) 582-0231
    Danya.blair@akerman.com

    *Attorneys for Defendant CoreCivic, Inc.*

3629448

23

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Christopher M. Odell
> Amanda S. Thomson
> ARNOLD & PORTER KAYE SCHOLER LLP
> Bank of America Center
> 700 Louisiana Street, Suite 4000
> Houston, Texas 77002
> christopher.odell@arnoldporter.com
> amanda.thomson@arnoldporter.com
>
> R. Stanton Jones, Admitted pro hac vice
> Robert N. Weiner, Admitted pro hac vice
> Sally L. Pei, Admitted pro hac vice
> Daniel F. Jacobson, Admitted pro hac vice
> ARNOLD & PORTER KAYE SCHOLER LLP
> 601 Massachusetts Ave. NW
> Washington, DC 20001
> stanton.jones@arnoldporter.com
> robert.weiner@arnoldporter.com
> sally.pei@arnoldporter.com
> daniel.jacobson@arnoldporter.com

*Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is **not** a registered participant of the CM/ECF System:

> N/A

/s/ Daniel P. Struck

3629448

24