IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YAZMIN JUÁREZ COYOY, ON HER OWN BEHALF AND AS SURVIVING PARENT OF MARIEE CAMYL NEWBERY JUÁREZ, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:19-cv-00916-FB |
| v. | § § | JURY TRIAL DEMANDED |
| CORECIVIC, INC., | § § | |
| Defendant. | § | |

**PLAINTIFF YAZMIN JUÁREZ COYOY'S UNOPPOSED MOTION
FOR EXTENSION OF SCHEDULING ORDER DEADLINE**

Pursuant to Federal Rules of Civil Procedure 6 and 16, Plaintiff Yazmin Juárez Coyoy respectfully requests that the Court grant a 14-day extension of the deadline to file dispositive motions in this matter, which is currently January 5, 2021 under the Eighth Amended Scheduling Order (ECF 83). Defendant CoreCivic, Inc. has represented that it is not opposed to the requested extension. In support, Plaintiff states as follows.

**INTRODUCTION**

On December 29, 2021, just five business days before the January 5, 2022 deadline for filing dispositive motions under the Court's Eighth Amended Scheduling Order (ECF 83), CoreCivic produced a large volume of documents

containing nearly 2,500 pages and which, based on just an initial skim, contains multiple pieces of smoking-gun evidence—namely **admissions by CoreCivic itself that the living facilities at the South Texas Family Residential Center fail to meet minimum physical site spacing requirements for general residential operations in the State of Texas**.

The December 29, 2021 document production contains evidence critical to this case, which concerns the precise issue of whether CoreCivic provided appropriate physical spacing at the STFRC. However, because Plaintiff has not had sufficient time to review all of the documents contained in CoreCivic's voluminous, eleventh-hour document production, nor to evaluate the impact of those documents on her forthcoming dispositive motion, the Court should grant a short 14-day extension of the deadline for submitting dispositive motions.

## RELEVANT BACKGROUND

The Eighth Amended Scheduling Order, entered by the Court on November 15, 2021, provided that the parties complete discovery in this matter on or before December 6, 2021 and that dispositive motions shall be filed no later than January 5, 2022.

In accordance with the Eighth Amended Scheduling Order, the parties completed discovery on December 6, 2021. However, on December 29, 2021, Defendant produced to Plaintiff a large volume of documents it received from a non-

party, the Texas Health and Human Services Commission (HHSC), which were produced to Defendant in response to a non-party subpoena. *See* Email from S. Wolford to Counsel (Dec. 29, 2021) (attached as **Exhibit A**).

The December 29, 2021 document production totals nearly 2,500 pages. Upon just an initial skim of the production, counsel for Plaintiff has discovered that these newly-produced documents are highly relevant and contain admissions by CoreCivic going directly to the merits of this case.

For example, Plaintiff discovered in the December 29, 2021 document production two applications submitted by CoreCivic to the Texas Department of Family and Protective Services (DFPS) requesting that the South Texas Family Residential Center be granted a waiver of the physical site spacing requirements under the Texas State Regulations governing the Minimum Standards for General Residential Operations, set forth under Texas Administrative Code Chapter 748. Both applications contain affirmative admissions by CoreCivic that the living facilities at the South Texas Family Residential Center **do not meet the minimum standards for physical spacing**. Under TEX. ADMIN. CODE § 748.3357(b)(2), if a General Residential Operation in Texas does not provide single-occupancy bedrooms, it must provide "a bedroom with at least 60 square feet of space for each occupant." CoreCivic's waiver applications expressly admit that the STFRC fails to meet that minimum standard.

> 3. Specifically, describe how you do **not**, or would **not**, meet the minimum standard and WHY. All suites have a total of 755 square feet. There are two (2) bedrooms in each suite totaling 342 square feet (three bunk beds in each bedroom) and 413 square feet of living area in each suite. There is also an additional common/shared living area of 755 square feet that is shared between 10 suites. Our current configuration does not meet the 60 square feet per child per bedroom. We are also requesting a waiver from 4 per bedroom to 6 per bedroom.

*See* HHSC 002890 (attached as **Exhibit B**)[1]; HHSCSC 002682–HHSC 002683 (attached as **Exhibit C**) (explaining also that the waiver is requested in order for CoreCivic to avoid incurring costs to modify the facilities to bring them up to code).

Other documents within the December 29, 2021 document production provide even further smoking-gun evidence.  Document HHSC 002644 (attached as **Exhibit D**) shows that the request for a waiver of the minimum bedroom space requirements was denied in March 2016 on the basis that STFRC "requested voluntary closure," but, of course, the STFRC did not actually close (and in any event there is no dispute that the STFRC was open and operating after that time).

Then, Document HHSC 001929 – HHSC 001922 (attached as **Exhibit E**) shows that in April 2016 CoreCivic submitted a written explanation to DFPS stating that, contrary to its prior requests for a waiver of the bedroom spacing requirements, the STFRC decided that a waiver was no longer needed, because CoreCivic believed it could meet the minimum requirement of "60 square feet of space for each

---

[1] Pursuant to the protective order in this case, Defendant designated as "confidential" documents HHSC 002890, HHSCSC 002682–HHSC 002683, HHSC 002644, and HHSC 001929 – HHSC 001922, which are attached as Exhibits B, C, D, and E to this motion.  Prior to the filing of this motion, however, Plaintiff conferred with Defendant regarding whether Defendant would agree to de-designate those documents for filing purposes, and Defendant indicated that it is not opposed to the documents being filed.

occupant" by counting "counter space" next to the sinks and "surfaces atop the pony walls" as "floor space" towards the of 60-square-feet-per-person minimum.  This explanation is nonsensical on its face for a number of reasons, including that these areas are obviously not "floor space," are not part of the "bedroom," and are on top of the existing floor space, meaning CoreCivic is necessarily double-counting that space.

One of the key issues in this case is whether the physical spacing provided at the South Texas Family Residential Center was sufficient to ensure safe and healthy living conditions.  As the Court explained in its order granting in part and denying in part CoreCivic's motion to dismiss:

> CoreCivic argues that plaintiff's general allegation that she was subjected to crowded conditions that were prime for the spread of sickness is nothing more than an unadorned, the defendant-unlawfully-harmed-me accusation. **This Court does not agree.  Six mothers and six children in a 10 X 10 space could conceivably lead to unsafe and unsanitary conditions.  On the other hand, six mothers and six children in a 50 x 50 space with appropriate sanitation facilities is a whole other matter**.

Order Regarding Defendant's Motion to Dismiss (ECF 19) at 8 (emphasis added) (internal quotation marks omitted).  Documents showing that CoreCivic admitted that STFRC failed to meet the minimum spacing requirements set forth under applicable regulations, was denied a waiver of those requirements, and then proffered a nonsensical explanation for why the waiver was supposedly not needed,

go to the heart of the physical spacing issues the Court identified as central to this case and deserve to be properly considered in the forthcoming dispositive motions.

The above documents, however, are merely those that Plaintiff's counsel was able to find based on an initial skim of the nearly 2,500 pages of materials contained in the December 29, 2021 document production.   Plaintiff believes that an appropriate amount of time for review of these documents is likely to uncover even further highly relevant evidence.

## LEGAL STANDARD

Under Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), the Court may extend scheduling deadlines for "good cause" shown.

## ARGUMENT

There is good cause for granting the requested 14-day extension of the dispositive motion deadline for several reasons.  First, the extension would allow Plaintiff additional time to review the nearly 2,500 pages of additional materials in the December 29, 2021 document production, which was produced just five business days before the current January 5, 2022 dispositive motion deadline.

Second, the requested extension will help to ensure that Plaintiff can file a dispositive motion that is accurately reflective of the evidence in this case, and which, if granted, would potentially conserve resources of both the parties and the Court.

Finally, the requested extension would not cause any prejudice to Defendant, who has represented that it is not opposed to the extension. Because Plaintiff requests only an additional 14 days, the extension would not cause any meaningful delay in the case, for which a trial date has not yet been set.

The Eighth Amended Scheduling Order currently reads in pertinent part:

> All dispositive motions shall be filed no later than **January 5, 2022**. Dispositive motions and responses to dispositive motions shall be limited to 20 pages in length. Any replies shall be limited to 10 pages in length.

Plaintiff's requested extension would amend the above provision as follows:

> All dispositive motions shall be filed no later than **January 19, 2022**. Dispositive motions and responses to dispositive motions shall be limited to 20 pages in length. Any replies shall be limited to 10 pages in length.

## CONCLUSION

Accordingly, and for the foregoing reasons, Plaintiff respectfully requests the Court grant a 14-day extension of the deadline to file dispositive motions under the current scheduling order.

Dated: January 4, 2022.

Respectfully submitted,

By:    *s/ Christopher M. Odell*
Christopher M. Odell
Texas Bar No. 24037205
Amanda S. Thomson*
Texas Bar No. 24082376
Andrew D. Bergman

Texas Bar No. 24101507
ARNOLD & PORTER KAYE SCHOLER LLP
Bank of America Center
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone:  713.576.2400
Facsimile:  713.576.2499
christopher.odell@arnoldporter.com
amanda.thomson@arnoldporter.com
andrew.bergman@arnoldporter.com

R. Stanton Jones*
Robert N. Weiner*
Sally L. Pei*
* Admitted *pro hac vice*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
stantonjones@arnoldporter.com
robert.weiner@arnoldporter.com
sally.pei@arnoldporter.com

*Counsel for Plaintiff Yazmin Juárez Coyoy,
on her own behalf and as surviving parent of
Mariee Camyl Newbery Juárez*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, a copy of this document was served electronically upon the following counsel of record in accordance with the parties' agreement and the Federal Rules of Civil Procedure:

Daniel P. Struck
Ashlee B. Hesman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com

Danya W. Blair
AKERMAN LLP
112 East Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: (210) 582-0220
Fax: (210) 582-0231
danya.blair@akerman.com

*Counsel for Defendant CoreCivic, Inc.*

*s/ Andrew D. Bergman*
Andrew D. Bergman
Attorney for Plaintiff

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred regarding the relief requested in the foregoing motion with counsel for the Defendant, who indicated that Defendant is not opposed to such relief.

*s/ Andrew D. Bergman*

Andrew D. Bergman

Attorney for Plaintiff
