UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YAZMIN JUAREZ COYOY on Her Own Behalf and as Surviving Parent of Mariee Camyl Newberry Juarez, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-19-CA-916-FB |
| CORECIVIC, INC., | § § | |
| Defendant. | § § § | |

**ORDER**

Before the Court are Plaintiff's Motion to Exclude Expert Testimony of Tara Diaz (Docket Entry 69), and Defendant's Motion to Exclude Plaintiff's Expert Colleen A. Kraft, M.D. (Docket Entry 72), and Defendant's Motion to Exclude Plaintiff's Expert Katherine Peeler, M.D. (Docket Entry 73). These motions were referred by District Court to undersigned for determination and ruling. (*See* Docket Entry 75.)

A hearing was held on the motions on January 18, 2022. In accordance with the Court's rulings at the hearing, it is hereby **ORDERED** as follows:

1) Plaintiff's Motion to Exclude Testimony of Tara Diaz (Docket Entry 69) is **GRANTED IN PART, DENIED IN PART,** and **DENIED WITHOUT PREJUDICE IN PART,** as follows:

a) With regard to the first opinion the expert seeks to offer, the motion is **GRANTED IN PART** and **DENIED IN PART.** It is **GRANTED** as to issue of whether the South Texas Family Residential Center ("STFRC") "exceeded the correctional standard of care"; it is **DENIED** as to the issue of whether the conditions at STFRC were "safe,

sanitary, and humane." (*See* Docket Entry 69, at 3.)

b) With regard to the second opinion the expert seeks to offer, the motion is **GRANTED**. (*See id.*)

c) With regard to the third opinion the expert seeks to offer, the motion is **DENIED WITHOUT PREJUDICE**. While the expert is qualified to offer such an opinion, the relevance of such an opinion must be determined in the context of the evidence presented in any dispositive motion or trial. (*See id.*)

2) Defendant's Motion to Exclude Defendant's Motion to Exclude Plaintiff's Expert Colleen A. Kraft, M.D. (Docket Entry 72) and Defendant's Motion to Exclude Plaintiff's Expert Katherine Peeler, M.D. (Docket Entry 73) are **GRANTED IN PART, DENIED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART**, as follows:

a) With regard to the question whether the living conditions at STFRC in March 2018 were safe and sanitary for small children, the motions are **DENIED**.

b) With regard to question whether the living conditions at STFRC in March 2018 were a substantial factor in causing Mariee Juarez to contract adenovirus and parainfluenza 3, the motions are **GRANTED IN PART** and **DENIED IN PART**. They are **GRANTED** as to whether the expert may opine, during Plaintiff's case-in-chief, that the conditions at STFRC were the cause of Mariee Juarez's illness; such testimony, however, may be available in rebuttal to expert opinion evidence presented by Defendant. The motions are **DENIED** as to whether the experts may opine that conditions at STFRC substantially increased the likelihood that Marie Juarez would contract an illness.

c) With regard to the additional objections noted by Defendant, including any objections under Federal Rule of Evidence 403 and any objections to testimony as to the experts' observations of conditions at STFRC, the motions are **DENIED WITHOUT PREJUDICE** to reconsideration at later stages of the case.

3) In light of the Court's rulings, the deadline for filing motions for summary judgment in this case is extended to 30 days after filing of the transcripts of the January 18, 2022, hearing.

**SIGNED** on January 18, 2022.

_____
Henry J. Bemporad
United States Magistrate Judge

3