**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **YAZMIN JUÁREZ COYOY, on her own** | ) | |
| **Behalf and as Surviving Parent of** | ) | |
| **Mariee Camyl Newberry Juárez,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. SA-19-CA-00916-FB** |
| | ) | |
| **CORECIVIC, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court are Defendant CoreCivic Inc.'s ("CoreCivic") motion (docket no. 112) for the Court to reconsider its order denying in part CoreCivic's motion for summary judgment, plaintiff's response (docket no. 116) in opposition thereto, and CoreCivic's reply (docket no. 117) to plaintiff's response. After reviewing the motion, briefing, relevant evidence and other filings, and the applicable law, the Court is of the opinion that the motion should be denied.

CoreCivic asks this Court to reconsider its order denying in part CoreCivic's motion for summary judgment on five grounds. Specifically, CoreCivic argues the Court erred in: (1) finding that plaintiff rather than the estate of Mariee Camyl Newberry Juárez has standing, (2) holding that the *Boyle* doctrine does not apply, (3) finding that plaintiff established sufficient evidence of breach, (4) finding sufficient evidence of causation, and (5) finding sufficient evidence of gross negligence.

Motions for reconsideration of interlocutory orders are made under Federal Rule of Civil Procedure 54(b). *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Rule 54(b) allows parties t seek reconsideration of interlocutory orders and authorizes the court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" *Id.* (quoting FED. R. CIV. P.

54(b)).  "Under Rule 54(b) 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach & Tools Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990).  None of CoreCivic's arguments persuade the Court to reach a different conclusion from its earlier order.

IT IS THEREFORE ORDERED that Defendant CoreCivic, Inc.'s Motion for Reconsideration (docket no. 112) is DENIED.

It is so ORDERED.

SIGNED this 3rd day of January, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE