**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **YAZMIN JUAREZ COYOY, on her own** ) | |
| **Behalf and as Surviving Parent of** ) | |
| **Mariee Camyl Newberry Juarez,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **V.** ) | **CIVIL ACTION NO. SA-19-CA-00916-FB** |
| ) | |
| **CORECIVIC, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER FOLLOWING FINAL PRETRIAL CONFERENCE**

Pursuant to rulings made at the final pretrial conference held in this matter on January 19, 2024,

IT IS ORDERED that CoreCivic's Motion in Limine to Preclude Expert Testimony (docket no. 138) is GRANTED in PART and DENIED in PART. The motion is DENIED to the extent that Plaintiff's experts can testify in Plaintiff's case-in-chief that the conditions at the South Texas Family Residential Center ("STFRC") increased the likelihood that Plaintiff's daughter would contract the virus and/or that conditions at STFRC made the virus worse. The motion is GRANTED to the extent that Plaintiff's experts are PRECLUDED from testifying in Plaintiff's case-in-chief that Plaintiff's daughter contracted the virus inside the housing unit. If Defendant's expert introduces evidence that it was not possible for Plaintiff's daughter to contract the virus inside the housing unit, Plaintiff can bring in this testimony on rebuttal. The motion is further GRANTED to the extent that Plaintiff's experts are PRECLUDED from testifying to their personal observations about STFRC (*i.e.*, the rooms were very small, there was no artwork on the walls, there were many sick children, mothers were afraid to ask staff for help and take their children for medical attention, the playground equipment was inappropriate for toddler age children, etc.). Plaintiff's experts are further PRECLUDED from testifying to their personal

opinions or beliefs about immigration policies and the detention of immigrant children. Finally, Defendant's request to limit Plaintiff to one expert is DENIED.

IT IS FURTHER ORDERED that CoreCivic's Motion in Limine to Preclude Testimony and Evidence Concerning Medical Care for Other Detainees (docket no. 139) is GRANTED.

IT IS FURTHER ORDERED that CoreCivic's Motion in Limine to Preclude Testimony Concerning Alleged Sick Child in M.J.'s Housing Unit (docket no. 140) is GRANTED in PART and DENIED in PART. The motion is DENIED to the extent that Plaintiff may testify that a child who resided in their housing unit was sick, *i.e.*, coughing, etc., but GRANTED to the extent that Plaintiff is PRECLUDED from testifying that the child had the same virus as Plaintiff's daughter.

IT IS FURTHER ORDERED that CoreCivic's Motion in Limine to Preclude Reference to Section 748 of the Texas Administrative Code (docket no. 141) is GRANTED, subject to reconsideration at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 1 (Admission of CoreCivic's Submissions to the Texas Department of Family and Protective Services Regarding Texas's Minimum Standards for Children's Bedrooms Under the Texas Administrative Code) (docket no. 142) is DENIED, subject to reconsideration at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 2 (Exclusion of Evidence, Argument, or Testimony Disputing CoreCivic's Violation of Texas Minimum Standards for Children's Bedrooms Under the Texas Administrative Code) (docket no. 143) is DENIED, subject to reconsideration at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 3 (Exclusion of Evidence/Argument Regarding Non-Party/Third Party Fault) (docket no. 144) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 4 (Exclusion of Evidence/Argument Regarding Mariee's Respiratory Symptoms Prior to March 6, 2018) (docket no. 145) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 5 (Exclusion of Evidence/Argument Regarding Certain Social Media Content) (docket no. 146) is DENIED.

IT IS FURTHER ORDERED that Defendant's oral motion to withdraw is GRANTED such that the following stipulation is WITHDRAWN from the parties' Joint Stipulation of Facts (docket no. 148-6): "4.  On approximately February 2, 2018, Ms. Juarez and Mariee left Guatemala and traveled to Mexico."

IT IS FURTHER ORDERED that Defendant's request to bifurcate the exemplary damages phase of the jury trial (contained within docket no. 148-20) is GRANTED.

IT IS FINALLY ORDERED that Plaintiff's Motion to Strike CoreCivic's Notice of Errata (docket no. 165) and Plaintiff's Motion to Shorten Response Deadline Regarding Plaintiff's Motion to Strike CoreCivic's Notice of Errata (docket no. 166) are DISMISSED as MOOT.

It is so ORDERED.

SIGNED this 22nd day of January, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE